# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7988 | **DATE** | 1/3/2011 |
| **CASE TITLE** | Eli Cunningham (#B-73678) v. Jennifer Bonjean, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $6.27 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Pinckneyville Correctional Center. However, Plaintiff's case is dismissed pursuant to 28 U.S.C. § 1915A. This case is terminated. Plaintiff remains responsible for the filing fee.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff, Eli Cunningham, an inmate at Pinckneyville Correctional Center, has filed a complaint in this Court against Defendants Jennifer Bonjean, who appears from the pleading to be an attorney representing Plaintiff in his state court post-conviction proceedings; the Bonjean Law Group; Myrrha Guzman, of the Illinois Attorney Registration and Disciplinary Commission; and the Illinois Attorney Registration and Disciplinary Commission (hereinafter, "ARDC") under the Civil Rights Act, 28 U.S.C. § 1983. Plaintiff alleges that Defendant Bonjean filed documents in his post conviction proceedings without his authorization. He also sues Ms. Bonjean's law firm. Plaintiff filed a complaint about Ms. Bonjean's unauthorized representation with the Illinois ARDC, and Defendant Guzman adjudicated the complaint, finding it to be without merit. Plaintiff alleges that Defendants' actions violated his First amendment right to access to the courts, as well as his due process and equal protection rights.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.27. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

     Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations, as true, however vague they may be, the Court finds that the complaint fails to state a federal claim as a matter of law.

**(CONTINUED)**

AWL

## STATEMENT

Even if Defendant Bonjean and her law firm the Bonjean Law Group were representing Plaintiff without his authorization, they are a private individual and entity, respectively, and not state actors for purposes of § 1983. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Mollusc*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the court in which a defendant may be found to act under color of state law. First, when the state has cloaked the defendant in some degree of authority, normally through employment or some other agency relationship. *See Case*, 327 F.3d at 567. The second, when the defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *See Case*, 327 F.3d at 567. There is no indication from the complaint that any kind of agency relationship existed between Defendant Bonjean and the state. She was merely acting in her private capacity as Plaintiff's attorney, consequently she, and her law firm are dismissed.

Additionally, with respect to Defendant Guzman and the ARDC, Plaintiff has failed to state a claim. His complaint alleges that he submitted a complaint to the ARDC and that Defendant Guzman, without "interviewing, investigating, consulting, or questioning" the actions and inactions of Defendant Bonjean, dismissed his complaint, finding that any prosecution would not be successful. (See Plaintiff's complaint). The Seventh Circuit Court of Appeals has held in § 1983 actions that parties have no federal constitutional right to a particular outcome in a proceeding before the ARDC, and that such claims are therefore frivolous and insufficient to establish federal question jurisdiction. *Lawrence v. Interstate Brands*, 278 Fed. Appx. 681, 684 (7th Cir. 2008); *citing In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). As Plaintiff has no constitutional right to a particular outcome to his ARDC proceedings, his claims against Defendant Guzman and the ARDC are dismissed.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel is denied as moot. Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).